· EDMUND MUNROE *versus* ROBERT C. STICKNEY *& al.*

An action may be maintained, and nominal damages recovered, for the wrongful diversion of water from a mill, although no actual injury be sustained.

TRESPASS ON THE CASE. On facts reported by MAY, J.

This action was between the same parties, and related to the same property as the preceding. The evidence affecting the case was substantially the same.

*J. Granger*, for the plaintiff.

*F. A. Pike*, for the defendants.

The opinion of the Court was drawn up by

APPLETON, J.—The tendency of the evidence is to show a diversion of water from the plaintiff's mill, arising from the acts of the defendants, which constitute the foundation of this suit. Wherever a right is invaded, the law presumes damage. Indeed, though no actual injury be sustained, an action may be maintained for the wrongful diversion of water from the plaintiff's mill, and nominal damages be recovered. *Butman* v. *Hussey*, 3 Fairf., 407. If one suffers his rights to be invaded, and acquiesces in an adverse claim for more than twenty years, this adverse enjoyment by lapse of time will ripen into a perfect title.

From the data before us, it is impossible satisfactorily to determine the value of water power at Calais, or the amount diverted, and the damages consequent thereupon. The defendants are to be defaulted, and the damages to be determined by the Court, or some one appointed by the Court for that purpose.

TENNEY, C. J., CUTTING, MAY, GOODENOW and KENT, JJ., concurred.