Mellor v. Pilgrim.

Thomas H. Mellor
v.
Croft Pilgrim.

1.—Sic utere tuo—Diversion of surface-water upon servient estate.—A party purchasing land over which surface water naturally flows from that of a coterminous proprietor, takes it with the burden of receiving such surface-water, and cannot impede or stop such natural drainage to the injury of the superior heritage; on the other hand, the owner of the superior heritage cannot, by any act of his, acquire the right to collect the surface water upon his land by artificial channels, and thus flow his neighbor's land without his consent.

2.—Measure of damages.—In cases of this character, proof of the wrongful act and its natural consequences, entitles the plaintiff to recover nominal damages, at least; and where the evidence shows actual damage, he is entitled to recover therefor.

Appeal from the Circuit Court of Bureau county; the Hon.

Mellor v. Pilgrim.

Francis Goodspeed, Judge, presiding.   Opinion filed December 4, 1880.

Mr. B. F. Thompson and Mr. C. K. Ladd, for appellant; that the injury is continuous, and this action is not barred by a former recovery, cited McConnell v. Kibbe, 29 Ill. 485; Ill. Cent. R. R. Co. v. Grabill, 50 Ill. 242; Hazen v. Casey, 30 Wis. 553; 2 Kent's Com. 416; Johnson v. Long, 1 Raymd. 370; 2 Greenleaf's Ev. § 472; 3 Starkie's Ev. 991; 1 Hilliard on Torts, 574; Sedgwick on Damages, 155; 2 Waterman on Trespass, 244; Wood on Nuisance, § 823.

Every continuation is a new cause of action: Sutton v. Clark, 6 Taunt. 29; Phear on Rights of Water, 100; Shodwell v. Hutchinson, 1 B. & Ad. 97; Roswell v. Prior, 1 Ld. Raymd. 713; 7 Bac. Abr. 639; Powers v. Council Bluffs, 48 Iowa 652; Clego v. Dearborn, 12 Q. B. 591; Vedder v. Vedder, 1 Denio, 257; Staple v. Spring, 10 Mass, 74; 2 Blackstone Com. 220; Beckwith v. Griswold, 29 Barb. 291; Thayer v. Brooks, 17 Ohio, 489; Blunt v. McCormick, 3 Denio, 283.

Every one must so use his property as not to injure his neighbor: J. N. W. & S. E. R. R. Co. v. Cox, 91 Ill. 500; Rudd v. Williams, 43 Ill. 385; Ill. Cent. R. R. Co. v. Grabill, 50 Ill. 242; 3 Kent's Com. 440; Tearney v. Smith, 86 Ill. 391; Stout v. McAdams, 2 Scam. 67; Tanner v. Valentine, 75 Ill. 624; Wood on Nuisance, § 105; 2 Waterman on Trespass, 234; Pilgrim v. Mellor, 1 Bradwell, 448.

The owner of the dominant estate cannot change the natural flow of surface-water to the injury of the owner of the servient estate: Clinton v. Meyers, 46 N. Y. 514; Bellenger v. N. Y. C. R. R. Co. 22 N. Y. 42; Pixley v. Clark, 35 N. Y. 520; Corning v. Troy Iron, etc. Factory, 40 N. Y. 199; Merritt v. Brinkerhoff, 17 Johns, 319; Phear on Rights of Water, 28; Bridgwater v. Trafford, 1 B. & Ad. 874; 3 Kent's Com. 439; Evans v. Merriweather, 3 Scam. 492; Baird v. Williamson, 15 C. B. 376; Bigelow's Lead. Cas. on Torts, 494; Livingston v. McDonald, 21 Iowa, 160; Gillham v. Mad. County R. R. Co. 49 Ill. 484; Beard v. Murphy, 37 Vt. 99; Adams v. Walker, 34 Conn. 466; Shears v. Wood, 7 Mo. 345; Higgin's Law

of Watercourses, 156; Smith v. Rennick, 7 C. B. 515; Hicks v. Silliman, Ill. Sup. Ct. 1880; Butler v. Peck, 16 Ohio St. 334; Miller v. Laughbach, 47 Pa. 154; Angell on Watercourses, § 108; Gormley v. Sanford, 52 Ill. 158; Nevin's v. Peoria, 41 Ill. 502; Curtiss v. Eastern, 98 Mass. 428; Goodale v. Tuttle, 29 N. Y. 466; Kauffman v. Griesenur, 26 Pa. St. 407; Martin v. Riddle, 26 Pa. St. 415; Broadbent v. Ramsbotham, 11 Exch. 602.

Plaintiff was entitled to recover at least nominal damages: Sedgwick on Damages, 153; Tootle v. Clifton, 22 Ohio St. 247; Wood v. Wand, 3 Exch. 772; Cooper v. Randall, 53 Ill. 24; Webb v. Portland Mfg. Co. 3 Sumn. 189; Brent v. Kimball, 60 Ill. 211; Little v. Stanback, 63 N. C. 285; Cory v. Silcox, 6 Ind. 39; Chapman v. Thames Mfg. Co. 13 Conn. 269; Seat v. Moreland, 7 Humph. 575; Paul v. Slason, 22 V. 31; Devendorf v. Wert, 42 Barb. 227; Bassett v. Sal. Mfg. ᐟ᠊, 28 N. H. 438; Munroe v. Stickney, 48 Me. 462; Monroe v Gates, 48 Me. 463; Dickenson v. Grand Junc. C᠊᠊, ᐟᐟ᠊ ᐟᐟ᠊᠊᠊ Exch. 282; Stowell v. Lincoln, 11 Gray, 434; Patrick v. Greenway, 1 Saund. 346.

Appellant may abate the nuisance, and he has right to prevent the running of this water upon his land by artificial means, although he thereby injures the land above him: Phear on Rights of Water 106; Greenslade v. Holliday, 6 Bing. 379; Davis v. Williams, 16 C. B. 546; Hoyt v. Hudson, 27 Wis. 656; Swett v. Cutts, 50 N. H. 439; 1 Hilliard on Torts, 642; Goodale v. Tuttle, 29 N. Y. 467; Conhocton Co. v. Buffalo R. R. Co. 3 Hun, 523; Chatfield v. Wilson, 28 Vt. 49; Dickinson v. Worcester, 7 Allen, 19; Greeley v. Maine R. R. Co. 53 Me. 200; Bowlsby v. Speer, 31 N. J. L. 351; Ashley v. Wolcott, 11 Cush. 192; Gould v. Booth, 66 N. Y. 62; Parks v. Newburyport, 10 Gray, 28.

Mr. M. SHALLENBERGER and Mr. M. A. FULLER, for appellee; that this is not a continuing trespass, and the former recovery is a bar to this action, cited Ottawa Gaslight Co. v. Graham, 28 Ill. 73; Ill. Cent. R. R. Co. v. Grabill, 50 Ill. 242; Decatur Gaslight Co. v. Howell, 11 Chicago Legal News, 345;

Powers v. Council Bluffs, 45 Iowa, 652; Troy v. Cheshire R. R. Co. 3 Foster, 83; C. & A. R. R. Co. v. Maher, 91 Ill. 312.

The bar of a former recovery extends to any matter properly connected therewith which might have been determined in it: Briscoe v. Lloyd, 64 Ill. 33; Rogers v. Higgins, 57 Ill. 244; Howell v. Goodrich, 69 Ill. 556; Gibbs v. Cruikshank, 6 Moak's Eng. 211.

If plaintiff has sustained no actual damages, there can be no recovery: Ottawa Gaslight Co. v. Graham, 28 Ill. 78; Cooper v. Randall, 53 Ill. 24; Tootle v. Clifton, 22 Ohio St. 247; Hicks v. Silliman, 93 Ill. 255.

An erroneous instruction will not reverse, unless it appears that the party is prejudiced thereby: Lawrence v. Hagerman, 56 Ill. 6ᶜ: Aurora v. Gillett, 56 Ill. 132.

PILLSBURY, J. This cause was before this court at the December term, 1878, when the judgment was reversed and the cause remanded. The opinion is reported in 3 Bradwell, 476, where the facts sufficiently appear.

After the cause was remanded, the venue was changed to Bureau county, where a trial was had and a verdict and judgment was again rendered in favor of the appellee.

The facts as appearing in this record, are not materially different from those appearing on the former appeal.

We said in the former opinion in this case, that "a party purchasing land over which surface-water naturally flows, from that of a coterminous proprietor, takes it with the burden of receiving such surface-waters, and cannot by dams, dykes or other obstructions, impede or stop such natural drainage to the injury of the owner of the superior heritage; on the other hand, the owner of the superior heritage cannot by any act of his, acquire the right to collect the surface-waters upon his land by artificial channels, and thus flow his neighbor's land without his consent.

And reference was made to Gillham v. Madison Co. R. R. Co. 49 Ill. 484, and Gormley v. Sandford, 52 Ill. 158, as sustaining the views then expressed.

The Supreme Court in the recent case of Hicks v. Silliman,

93 Ill. 255, have again affirmed their former doctrine, as announced in the two cases above cited, and upon this point say, " While the owner of land may use it as he pleases for habitation and other lawful purposes, yet his right in this respect is subject to the qualification that he must so use it as to not inflict an injury upon his neighbor.

The rule recognized by the above authorities we consider applicable to the facts in this case, and fully sustaining the proposition that the act of the appellee in making the drain, even upon his own land, was a tort, as the natural consequence of such act was to flood the land of the appellant, and thereby subject it to an unnatural burden, to the injury of the owner.

The appellant had the right to own and possess his land free from the increased burden arising from receiving the surface-water from the land of appellee through artificial chan 
made by appellee for the purpose of carrying the surface-
therefrom more rapidly than the same would naturally 1  
and the appellant having such right, for any invasion thereof
the law gives him an action.

This brings us to a consideration of the instructions given to the jury by the court, at the instance of the appellee, upon the measure of damages, which were in substance, that the verdict should be for the defendant unless the plaintiff below had proven *actual* damages.

If, as we have seen, the appellee, by making the drain in question collected the surface-water upon his own land and discharged the same upon the lands of the appellant in increased quantity, and in a different manner than the same would naturally run, the act was wrongful, because of its consequences, and the subjecting of appellant's land to such increased and different burden than would otherwise attach to it, was an invasion of appellant's rights, from which the law implies damages, and in such case proof of the wrongful act and its natural consequences entitles the plaintiff to recover nominal damages, at least.

" Every injury," says Story, J., in Whittemore v. Cutter, 1 Gall. 429, " imports a damage. " We are of the opinion that when the law gives an action for a particular act, the doing of

Mellor v. Pilgrim.

that act imports of itself a damage to the party. Every violation of a right imports some damage, and if none other be proved, the law allows nominal damages."

In Clifton v. Hooper, 6 A. & E. 467, Lord Denman said: " That where a clear right of a party had been invaded in consequence of another's breach of duty, he must be entitled to an action against that party for some amount, and there was no authority to the contrary."

So where water is wrongfully diverted from a mill-pond, or where it is wrongfully caused to overflow lands, the injured party should recover without proof of damages; and even where the injury is so small that it cannot be estimated, still the injured party is entitled to at least nominal damages. Field on Damages, 680; Cory v. Silcox, 6 Ind. 39; Monroe v. Stickney, 48 Me. 462; Stilwell v. Lincoln, 11 Gray, 434.

If the appellee continues the flowing of the appellant's lands, as clearly shown by the evidence he has done, and be unmolested in so doing, the continuance thereof will soon ripen into a *right* to do so, and would be evidence from time to time, more and more cogent, that he is but in the enjoyment of such a right, and it is for these reasons, among others, that the law in cases of this character is so strenuous for nominal damages, even where no special damages have been shown by the proof. We are of the opinion, however, in this case, that the evidence shows actual damages, not to a great extent perhaps, but however small he should be allowed them.

It is urged however, that the acts of appellee were done by him in the ordinary use and cultivation of his farm, and this the law permits him to do, and for so using his land he ought not to be liable in damages, although the result of such acts may be to precipitate the water upon his neighbor's lands in an unnatural manner and in increased quantities.

The error of this position is in assuming that the act, when considered in the light of its natural consequences, is lawful.

If the natural result of making the drain is to collect the water upon his own land, and it is caused thereby to flood the land of appellant, then the act becomes unlawful, and the appellee has by his act invaded the right of appellant to the free

use and enjoyment of his own property, which right is as sacred in the law as that of appellee to use and cultivate his own.    His right to use and cultivate his land in the ordinary method is not denied, but such right does not include the acts shown by this record.

The point made, that the judgment before the justice of the the peace is a bar to this suit, was answered by this court in the former opinion, and the views then announced we adhere to the more especially as neither in that record nor in this does it appear that the appellant claimed or recovered any damages for the depreciation in value of the land owned by him.

The judgment will be reversed, and the cause remanded.

Reversed and remanded.