## HENRY F. MERRILL
## v.
## HENRY DIBBLE.

1. MOTIVE IN BRINGING A SUIT—WHEN TO BE CONSIDERED.—The motive of appellant in bringing this action, can have no effect upon his right of recovery, in so far as he has sustained actual damages by the wrongful act of appellee. It should only be considered by the jury as to punitory damages.

2. ISSUE OF RIGHT OF WAY—ERRONEOUS JUDGMENT SHOULD BE REVERSED ALTHOUGH ONLY NOMINAL DAMAGES PROVED.—In a case like this, an appellate court will reverse an erroneous judgment, even although no actual damage was proved, since appellee, by pleading a right of way over appellant's land, tendered an issue of a permanent right in himself to continue to travel thereon, and the judgment entered would be conclusive of the right in issue and binding upon parties and privies. If appellee did the act charged and failed to sustain his plea, justifying his act, the law implies damage and the maxim " de minimis non curat lex " in such cases is not acted upon by an appellate court.

APPEAL from the Circuit Court of De Kalb county; the Hon. CHARLES KELLUM, Judge, presiding. Opinion filed December 28, 1882.

Messrs. JONES & BISHOP, for appellant; that every unauthorized entry upon the land of another is a trespass for which an action will lie, and the law implies damage to the owner, cited Pfeifer v. Grossman, 15 Ill. 54; Dixon v. Clow, 24 Wend. 188; Bagley v. Harris, 9 Ala. 173; Plumleigh v. Dauson, 1 Gilm. 544; Bolivar M'f'g Co. v. Neponset M'f'g Co. 16 Pick. 241; Whipple v. Cumberland M'f'g Co. 2 Story, 561; Glenn v. Kays, 1 Bradwell, 470.

A verdict found on any fact or title, distinctly put in issue in an action of trespass, may be pleaded by way of estoppel in another action between the same parties, or their privies, as to the same fact or title: Outram v. Morewood, 3 K. B. 346; Vooght v. Winer, 2 B. & A. 662; Town v. Mines, 5 N. H. 262; 3 Starkie on Ev. 1280; Standice v. Parker, 2 Penn. 22; Hoey v. Furman, 1 Penn. 295; Herman on Estoppel, §§ 95–102.

J. L. PRATT, for appellee; that in this State a new trial will not be granted to enable a party merely to recover nominal or vindictive damages, cited Comstock v. Brosseau, 65 Ill. 44.

PILLSBURY, P. J.   Action by appellant against the appellee to recover for damage alleged to have been done by the appellee, his servants and cattle, upon the land of the appellant described in the declaration, with pleas of not guilty, license and prescriptive right of way in the public over such land, and verdict and judgment for the defendant, and appeal to this court by the plaintiff.

The record shows that the parties for several years have occupied adjoining farms, that in possession of the appellee being owned by his mother, and that in the occupancy of appellant being owned by him.

That the portion of the partition fence between them belonging to the owner of the farm in the possession of appellee, had been out of repair for a long time and through which the horses and cattle of appellee broke into the field and pasture of appellant on many occasions prior to the commencement of the suit, and that the appellee neglected to take care of them although notified so to do by the plaintiff below.

It further appears from the record, that the appellant had a private lane over a part of his premises for his own use, and that the appellee and his servants used this lane as a way against the will of appellant.

The acts charged were clearly proved by the plaintiff below and substantially admitted by the defendant, and there is no proof in the case sustaining either of the pleas of license or right of way, and we can not understand why the issues were found for the defendant by the jury, unless it be that they were improperly influenced by the testimony introduced tending to show that the motive of the appellant in bringing the suit was to be revenged upon appellee for causing him to pay costs in some prior litigation.

The motive of the plaintiff in bringing this action can have no effect upon his right of recovery in so far as he has sustained actual damage by the wrongful act of the defendant.

Merrill v. Dibble.

It should only be considered by the jury as affecting any claim he may urge to punitory damages.

Counsel for appellee, however, contends that the plaintiff did not prove more than nominal damages and therefore, an appellate court will not reverse although the judgment be erroneous.

We have examined the testimony contained in this record, and think the plaintiff showed that he had sustained actual damages, though perhaps not to a very large amount. Besides the defendant below, by pleading a right of way over the land of the plaintiff, tendered an issue of permanent right in himself to continue to travel thereon, and the judgment entered in the cause is conclusive of the right in issue, and binding upon the parties and their privies.

In cases like this and especially upon this issue, if the defendant did the act charged and fails to sustain his plea justifying the act, the law implies some damage and the verdict must be for the plaintiff for nominal damages if no other be proved. Whitmore v. Cutter, 1 Gall. 429; Field on Damages, 680; Monroe v. Stickney, 48 Me. 462; Stilwell v. Lincoln, 11 Gray, 434; Mellor v. Pilgrim, 7 Bradwell, 306, and the maxim " *de minimis non curat lex* " has no application in such case and is not acted upon by an appellate tribunal.

The refused instructions for the plaintiff were perhaps objectionable in leaving the jury to put their own construction upon the word " trespass," but as we must reverse because the verdict is against the evidence, the plaintiff can so correct his instructions as to make them faultless.

The judgment will be reversed and the cause remanded.

Judgment reversed.