[L. A. No. 1348.  Department Two.—June 21, 1905.]

## CHARLES ARKLEY, Appellant, v. UNION SUGAR COMPANY, Respondent.

LEASE—TITLE OF GRANTEE OF LESSOR.—A lease carves out an interest or estate in the premises leased, and a grantee of the lessor, who takes with notice of the lease, takes only the remaining estate of the lessor, and cannot lawfully exclude the lessee from possession during the remainder of the term.

ID.—LEASE OF QUARRY—RESERVATION OF RIGHT—OUSTER OF LESSEE BY GRANTEE OF LESSOR—SUFFICIENCY OF COMPLAINT FOR DAMAGES. —A complaint by one who has the right of possession under a lease of a limestone quarry for the period of five years, conferring an exclusive right to mine and take lime-rock therefrom in any quantity desired, subject to a reservation of the right of the lessor to mine and take rock for the purpose of burning the same and making lime on the land, which alleges that the defendant took as grantee of the lessor with notice of the lease, and wholly excluded plaintiff from any occupation of the quarry, and that he had been compelled thereby to abandon negotiations instituted for the sale of rock, and that defendant, in exclusive occupation of the quarry, had taken out and converted 4,800 tons of rock to plaintiff's damage in the sum of $4,800, states a cause of action, and a demurrer thereto was improperly sustained.

ID.—DAMAGES—OBJECT OF ACTION—PERMANENT RIGHT OF PLAINTIFF— INAPPLICABLE RULE AS TO NOMINAL DAMAGES.—Even if defendant had the right to take out 4,800 tons of rock, the complaint does not show that the plaintiff suffered only nominal damages, and he is not precluded from proving actual damages; but the object of the action for damages being to determine a permanent right of the plaintiff to mine and quarry during the whole term of the

lease, the rule that where the complaint shows only a right to recover nominal damages, a judgment will not be reversed, has no application.

APPEAL from a judgment of the Superior Court of Santa Barbara County. W. S. Day, Judge.

The facts are stated in the opinion of the court.

E. M. Sheridan, Sheridan & Fox, and Richards & Carrier, for Appellant.

Canfield & Starbuck, for Respondent.

McFARLAND, J.—This action was brought to recover damages for an alleged wrongful interference by defendant with plaintiff's interest in a certain lime-rock ledge, or quarry. A general demurrer to the plaintiff's second amended complaint was sustained, and judgment was rendered for defendant. From this judgment plaintiff appeals.

The material averments of the complaint are these: On the twenty-first day of August, 1898, George W. Frick and other persons also named Frick, were the owners of land—called the Frick ranch—on which the lime-rock ledge is situated, and which is described as one hundred feet in breadth and five hundred feet in thickness. On that day the Fricks, as parties of the first part, and plaintiff and one Hebert, as parties of the second part, executed a certain instrument designated on its face as a lease, a copy of which is set out in the complaint; and the material parts of this instrument, which we will call for convenience a lease, are as follows: "That the parties of the first part do by these presents grant unto the parties of the second part the exclusive right and privilege of mining, quarrying, and taking lime-rock in such quantities as they may see fit from that certain quarry bed or deposit situate on the land belonging to the first parties and known as the Frick ranch. . . . Said exclusive privilege hereby granted to said second parties shall not interfere with the right of said first parties, either themselves or by agents or lessees to mine, quarry, and take lime-rock from said deposit for the purpose of burning the same and making lime therefrom; said burning to be done upon said Frick

ranch, but the right to mine, quarry and take lime-rock from such deposit for the purpose of burning the same into lime, said burning to be done upon said ranch, is hereby expressly reserved and excepted unto said first parties and from the operation of this indenture.'' There is then a provision in the instrument giving the second parties the right to maintain roads through the land for the purpose of ingress and egress, and an agreement by the second parties to pay a certain sum for every ton of rock which they shall take out. The instrument then proceeds as follows: ''This agreement shall be in force for one year from date hereof, and the said second parties shall have the privilege of continuing the same in force for the four years then next ensuing by giving first parties written notice of such intention at least one month prior to the expiration of said year, unless said first parties shall, within nine months from the date hereof, sell and dispose of the ranch upon which said quarry and deposit is located. In the event of the disposition and sale of said ranch by said first parties within nine months from the date hereof the stipulation hereinbefore in this agreement contained for a continuance of said agreement in force shall be absolutely null, void and of no effect.'' At least one month prior to the expiration of the first year the parties of the second part gave written notice to the parties of the first part of their intention to continue the lease for the next succeeding four years.

Afterwards, in September, 1899, the said Hebert assigned all his interest to the plaintiff.

The Fricks did not sell or dispose of the ranch within nine months after the date of said instrument.

Afterwards, in June, 1899, the respondents herein purchased the said ranch of the Fricks, and have since been and now are the owners of the same. At the time of the purchase, and long prior thereto, respondents had full knowledge of said lease and of the rights of appellant thereunder.

It is further averred: ''That on or about the said 20th day of June, 1899, the defendant without the consent or permission of plaintiff and said Hebert, or either of them, and regardless of their rights in the premises, entered into the exclusive possession of the premises described in said lease, to wit: said Frick ranch, and of said lime-rock thereon, and inclosed said quarry of lime-rock with a fence and ex-

cluded plaintiff therefrom, and ever since said date have continued to hold exclusive possession of said premises and all thereof, and to exclude plaintiff therefrom,'' and ''That immediately after such entry upon said land defendant proceeded to quarry and carry away from said limestone ledge large quantities thereof and up to the commencement of this action have carried away therefrom 4,800 tons of lime-rock and converted the same to its own use; that by reason of the occupation of said quarry by defendant, plaintiff has been entirely excluded therefrom and has been unable to go upon said premises to exercise the rights granted by said lease, and has been obliged to abandon negotiations that he had instituted for the sale of rock from said quarry, and has been prevented from exercising any of the rights granted by said lease.'' The prayer is for damages in the sum of $4,800 and costs of suit.

In our opinion the decision of the court sustaining the demurrer and rendering judgment for defendant was erroneous.

Our only knowledge of the grounds upon which the demurrer was sustained is that gathered from the briefs of respondents; and we do not think that the positions taken there are tenable. It is contended that the present respondent is not liable because, as is said, the covenants in the said lease do not ''run with the land''; but this is not a case where the question of covenants running or not running with land at all arises. By the instrument in question a certain interest or estate is carved out of the land and granted to appellant; and respondent, by its subsequent deed, took only what was left. The rule applicable here is the one upon which rests the plain proposition that the grantee of leased land takes the estate of the lessor but not that of the lessee.

It is contended that notwithstanding the use of the word ''exclusive'' in the lease, its subsequent provisions show that the Fricks and their successors were also entitled to take rock from the quarry; that therefore appellant's right is not exclusive, and that, consequently, the averment that respondent took 4,800 tons of rock does not show a violation of his rights, and does not show damage, for it does not appear that the taking of said rock by respondent materially diminished the value of appellant's interest in the quarry of such large dimensions. But whether or not the averment about the

4,800 tons is of any consequence is immaterial. Appellant is not asserting any exclusive right to mine the quarry; his claim is that respondent has not such exclusive right, and the gravamen of the action is that respondent wrongfully excludes appellant from entering upon or enjoying his interest in said quarry.

It is contended that the complaint is defective because it does not aver that appellant has been or is exercising the privilege of taking rock from the quarry "in such quantities as they may see fit." This contention is not maintainable. There is an averment that by the wrongful acts of respondent appellant "has been obliged to abandon negotiations that he had instituted for the sale of rock from said quarry"; and, moreover, appellant was not obligated to take out rock at any particular time or in any particular quantity—he could exercise his right to take rock at any time within the five years.

It is contended that appellant, at most, could recover only nominal damages, and the rule is invoked that when there has been a judgment for a defendant upon a nonsuit, or upon the sustaining of a demurrer to a complaint, the court will not reverse the judgment, although erroneous, if it appears that the plaintiff could not have recovered more than nominal damages. But, in the first place, it does not necessarily appear that appellant could only have recovered nominal damages; the complaint does not preclude him from proving and recovering actual damages. Moreover, the rule invoked does not apply to a case where a permanent right is involved. This matter is discussed in Sutherland on Damages (vol. 1, sec. 11, 3d ed.), and we find there this statement of the law: "If the object of the action is to determine some question of permanent right, and through error the plaintiff is deprived of the judgment he is entitled to, the fact that he can recover only nominal damages will not be reason for denying a new trial"; and the principle thus stated is fully supported by cases cited. (See *Bungenstock* v. *Drainage Dist.*, 163 Mo. 198, [64 S. W. 149]; *Ely* v. *Parsons*, 55 Conn. 83, [10 Atl. 499]; *Merrill* v. *Dibble*, 12 Ill. App. 85.) Respondent cites on the point *Kenyon* v. *Western Union Tel. Co.*, 100 Cal. 454, [35 Pac. 75], and *Hancock* v. *Hubbell*, 71 Cal. 537, [12 Pac. 618]. In the Kenyon case the court refers to and recognizes the rule declared by Sutherland as above quoted, but says that in the

Kenyon case there is no question of "permanent right" involved, and in the Hancock case there was clearly no question of permanent right involved; and that subject is not mentioned. In the case at bar the main purpose of the action was to protect and enforce a permanent right. The exclusion of appellant from the quarry by respondent as alleged in the complaint is a legal wrong destructive of appellant's right in the quarry; and an action for damages is one of the proper remedies for such wrong and for establishing appellant's right; and upon proof of the said averments of the complaint appellant would be entitled to a judgment for at least nominal damages, and a judgment denying him such damages would be reversed.

Counsel say that the fencing of the ledge by respondent may have been for the mere purpose of preventing the intrusion of outsiders, and does not support the conclusion that appellant was thereby prevented from exercising his rights. But this suggestion has no weight in the face of the averment in the complaint that respondent from the date of the erection of the fence had "excluded plaintiff therefrom, and from such date has continued to hold exclusive possession of said premises, and all thereof, and to exclude plaintiff therefrom."

The foregoing covers the points made by respondent. We are not able to see any fatal defect in the complaint, and in our opinion it states facts sufficient to constitute a cause of action.

The judgment appealed from is reversed, with direction to the trial court to overrule the demurrer to the second amended complaint.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.