[Civ. No. 8056. Second Appellate District, Division One.—November 14, 1934.]

FRANK C. SHOEMAKER, Respondent, v. OTTO B. GOLDMAN et al., Appellants.

O. B. Goldman, *in pro. per.*, for Appellants.

Frank C. Shoemaker, *in pro. per.*, for Respondent.

EDMONDS, J., *pro tem.*—This is an appeal from a judgment for attorney's fees rendered on verdicts of a jury. No statement of the questions involved is presented; neither is there any specification of errors relied upon by the appellant in support of the appeal.

The appellant's brief is a long statement of charges that plaintiff and his former associate in practice, who assigned his right to plaintiff, violated their obligations as attorneys at law in the duties entrusted to them. However, such charges are entirely outside of the record in the case.

The complaint is in two counts. The first cause of action is for the recovery of damages amounting to $4,000, being the unpaid balance provided for in a contract in writing for the payment of attorney's fees for the prosecution of an appeal, upon the ground that plaintiff and his associate were prevented by defendants from completing the performance of the services required by the contract. The second count is one for $1,000 on *quantum meruit* for services rendered.

The defendants in their answer to the first cause of action denied that the services contemplated by the contract were rendered and alleged that they performed their part of the agreement. The answer to the second cause of action denies that any services of value were rendered, and in a cross-complaint defendants ask for the return of the retainer of $1,000 upon the ground that the services agreed to be performed by the plaintiff and his associate were never performed. The jury rendered verdicts in favor of the plaintiff for the full amount prayed for in the first cause of action, and for $1 on the second cause of action, and also against the defendants on their cross-complaint.

Most of appellant's brief is given over to a statement of charges of fraud, deceit and collusion asserted to have been practiced on defendants by the plaintiff and his associate in connection with the legal services performed. However, neither the answer nor cross-complaint presented any issues

of fraud or unfair dealing. The entire issue presented in the first cause of action was whether or not plaintiff and his partner had been prevented by the defendants from perfecting the appeal which they had been employed to prosecute. This issue was determined against the defendants on substantial evidence and the verdict of the jury will not be disturbed upon appeal.

The issue in the second cause of action was by the verdict for nominal damages of $1 only determined adversely to plaintiff and in favor of the defendants. No appeal having been taken by plaintiff from that portion of the judgment, it should be affirmed upon principle that *de minimis non curat lex* (*Arkley* v. *Union Sugar Co.*, 147 Cal. 195 [81 Pac. 509]).

The appeal is wholly without merit and the judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.