[No. 11501.   In Bank. — January 14, 1887.]

JOHN HANCOCK, APPELLANT, v. S. C. HUBBELL,
            RESPONDENT.

CONTRACT — BREACH OF — EVIDENCE OF SPECIAL DAMAGE. — The action was
    brought to recover damages for the breach of a contract whereby the
    defendant agreed to buy in certain land owned by the plaintiff at a tax
    sale, and to allow the plaintiff to redeem the same within a specified
    time.   The complaint alleged that the defendant had refused to allow
    the plaintiff to redeem, had transferred the tax certificates to a third
    person, and that the latter had procured a tax deed for the land, and had
    brought an action founded thereon against the plaintiff to quiet his title.
    There was no averment in the complaint that the plaintiff had been dis-
    possessed of the land, or of any special damage.   Held, that evidence of
    the value of the rents and profits of the land, and of expenses incurred
    by the plaintiff in the action to quiet title, were inadmissible.
ID. — AMENDMENT DURING TRIAL — DISCRETION. — Held further, that the
    refusal of the court to permit the plaintiff to amend his complaint during
    the progress of the trial, by alleging the expenses incurred by him in
    the action to quiet title was not an abuse of discretion, as the amend-
    ment would have necessitated a continuance without any fault on the
    part of the defendant.
ID. — NOMINAL DAMAGES — NONSUIT. — In such an action, where the evi-
    dence shows a breach of the contract, the plaintiff is entitled to recover
    nominal damages, although no actual damages are proved, and a judg-
    ment of nonsuit on the ground that no damages have been shown is
    erroneous.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order refusing a new trial.

The action was brought to recover damages for the
breach of a contract.   The complaint alleges that on the
21st of January, 1880, the plaintiff was the owner and in
possession of certain land, on which the taxes for the
fiscal year 1878–79 had become delinquent; that about
the time the land was to be sold for the taxes, he entered
into a contract with the defendant, whereby he agreed
to let the land be sold, and the defendant agreed to buy
it at the tax sale, and hold any title thus acquired in
trust for the plaintiff; that on the 25th of February,
1879, the land was sold and bought in by the defendant

in pursuance of the contract, and was held by him in trust for the plaintiff; and that afterwards the defendant agreed with the plaintiff to allow the latter until the 24th of March, 1880, in which to redeem the land. For the purpose of showing a breach of the contract, the complaint further alleges that the plaintiff offered to redeem the land within the time limited; that the defendant refused the offer, and assigned the tax certificates of sale to one Anderson; that the latter has obtained tax deeds for the land which he has recorded, and has brought an action against the plaintiff to quiet his title to the land. On the trial, after the plaintiff had rested, the defendant moved for a nonsuit, which was granted, on the ground that the plaintiff had not suffered any damage. On the third day of the trial, the plaintiff asked leave to amend his complaint by alleging, as special damages, the expenses incurred by him for counsel fees and costs in the action to quiet title. The court refused to allow the amendment. The further facts are stated in the opinion.

*L. Quint,* and *Barclay & Wilson,* for Appellant.

*Chapman & Hendrick,* for Respondent.

FOOTE, C. — This is an appeal from a judgment of nonsuit, and an order refusing a new trial.

We have carefully examined the record, and all the authorities cited by counsel. The complaint alleged that the plaintiff was in possession of certain lands involved in this controversy, but did not aver that he had ever lost possession thereof, therefore it was not competent to introduce proof tending to show the value of the rents and profits of such land, as a foundation for a judgment against the defendant for the loss of its possession.

No special damages were pleaded, hence the evidence offered of expenses, attorney fees, etc., which were not the proximate result of the violation of the contract, or which in the ordinary course of things would not have been likely to result therefrom, was property excluded.

The trust alleged was not proved by competent and legal evidence, as the written agreement, which was the only legal proof of its existence. offered did not tend to establish it.

The court did not abuse the discretion vested in it by law in refusing the plaintiff's application to amend his complaint. The trial had been in progress for several days, the plaintiff was fully advised early in the course of the proceedings that the defendant considered the complaint defective, and the latter made that fact evident by repeated objections to the introduction of evidence tending to prove damages claimed to have been suffered by the former.

It is plain that a continuance would have been the result had leave been granted to amend, which result would not have been caused by any fault of the defendant. (*Graham* v. *Stewart*, 68 Cal. 374.)

But the plaintiff claims that it was his right to have the jury pass upon the question, whether or not, upon the evidence before them of a breach of contract, he was entitled to a verdict for nominal damages.

We think the evidence did show a violation by the defendant of his contract with the plaintiff to permit the latter to redeem certain lands sold at tax sale, the former having possession of the certificates of such sale at the time the contract was entered into, such redemption to take place within a certain specified time.

Although the record does not show that any proof was offered which was admissible under the pleadings, that any actual damages were suffered by the plaintiff from the breach of the contract on the part of the defendant, yet as the contract was proved to have been violated, the former was entitled to have the jury determine, upon a proper charge of the law by the court, whether or not they would render a verdict for nominal damages in his favor. And if they had returned a verdict for the plaintiff for nominal damages, a judgment therefor would

have been proper. (*Browner* v. *Davis*, 15 Cal. 9, 11; Sedgwick on Measure of Damages, 7th ed., 71, 72, note *b*, and cases cited.) The judgment of nonsuit was therefore wrong, and the court should have granted a new trial upon the plaintiff's motion.

The judgment carried with it the right of the defendant by legal process to enforce payment from the plaintiff, or satisfaction by sale of his property, of the sum of $232.90, recovered by the former against the latter for costs.

To that extent the plaintiff's rights were prejudiced. But it is apparent from the record that the plaintiff upon a new trial would not be entitled to anything more than a judgment for nominal damages, which, while it would relieve him of the payment of costs to the defendant, would not give him the right to enforce the payment of his own costs from the latter.

For these reasons, we are of the opinion that the order denying a new trial should be reversed, unless the defendant will remit the sum of $232.90, which he has recovered for his costs, etc., against the plaintiff, but upon that being done by the defendant, the order should be affirmed.

The appeal from the judgment, not having been taken within the statutory period of time, cannot be considered.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the appeal from the judgment is dismissed. Order reversed, unless defendant within thirty days remits the sum of $232.90, which being done, the order shall stand affirmed. Said remittance to be filed with the clerk of this court.

Rehearing denied.