[S. F. No. 3382.    Department Two.—June 20, 1905.]

## J. H. VON SCHROEDER, Respondent, v. JOHN D. SPRECKELS, Appellant.

LIBEL—VERDICT FOR DEFENDANT—ORDER · GRANTING NEW TRIAL—DISCRETION—NOMINAL DAMAGES.—In an action to recover damages for libel, when libelous matter is charged, and the verdict was for the defendant upon a plea of justification and good faith, and the court made a general order granting a new trial, it cannot be said, as matter of law, that upon a new trial the plaintiff would only be entitled to nominal damages, if he recovered at all, or that the court, in making the order, abused its discretion.

ID.—RULE INAPPLICABLE.—The rule applicable to cases arising *ex contractu*, that if plaintiff is only entitled to nominal damages, a new trial will not be ordered, has no application to cases of libel.

APPEAL from an order of the Superior Court of Marin County granting a new trial.  F. M. Angellotti, Judge.

The facts are stated in the opinion of the court.

E. F. Preston, and D. M. Delmas, for Appellant.

McGuire & Gallagher, and Peter F. Dunne, for Respondent.

THE COURT.—This was an action to recover damages for libel.  The cause was tried before a jury, which rendered a verdict for defendant, and plaintiff moved for a new trial. The court granted a new trial, and from its order so made defendant appeals.  The order of the court granting a new trial was general.  It is well settled that this court will not reverse such an order unless it appears that the order itself was an abuse of discretion.  (*Cole* v. *Wilcox,* 99 Cal. 552, [34 Pac. 114]; *Brooks* v. *San Francisco etc. Ry. Co.,* 110 Cal. 178, [42 Pac. 570].)  It cannot be said in this case that any such abuse of discretion is shown.  Appellant further contends that the gist of the libel was a charge of improper, immoral, and scandalous conduct upon the part of plaintiff, and that acts of this nature were sufficiently proved, so that if the justification was not absolutely as broad as the charge, still it was sufficient so that this court will hold, as matter of law, that at the utmost plaintiff could recover merely nominal damages, and that a new trial will not be ordered where nominal damages alone could be obtained after a rehearing. It may be true, as appellant says, that plaintiff will not recover more than nominal damages, but this court cannot say, as matter of law, that such must be the limit of recovery, if he recovers at all.  The rule contended for has application to cases arising *ex contractu* (*Hancock* v. *Hubbell,* 71 Cal. 537, [12 Pac. 618]; *Kenyon* v. *Western Union Tel. Co.,* 100 Cal. 454, [35 Pac. 75]), and its application to cases of libel is distinctly denied.  (*Lick* v. *Owen,* 47 Cal. 252; *Taylor* v. *Hearst,* 107 Cal. 272, [40 Pac. 392].)

The order appealed from is affirmed.