[Civ. No. 429.   Second Appellate District.—January 23, 1908.]

HUBBELL OIL COMPANY, Appellant, v. CHARLES J. MORRISON, Administrator, etc., et al., Respondents.

ORDER GRANTING NEW TRIAL—REVIEW UPON APPEAL.—A general order granting a new trial must be sustained, if good, on any of the grounds on which the motion was based.

ID.—NEWLY DISCOVERED CUMULATIVE EVIDENCE—DISCRETION OF COURT. Though newly discovered evidence is cumulative in its nature, only the trial court could determine its effect, had it been produced at the trial; and its discretion in granting a new trial, on that ground, will not be disturbed where it cannot be said that its discretion was abused.

APPEAL from an order of the Superior Court of Los Angeles County, granting a new trial.   Waldo M. York, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, and F. E. Lacey, for Appellant.

Thomas L. Neal, D. Z. Gardner, and M. C. Hester, for Respondents.

TAGGART, J.—This is an action to quiet title.   The appeal is from an order granting defendants' motion for a new trial after judgment in favor of plaintiff.

The cause was set for trial for the sixteenth day of December, 1904.   On the fifteenth day of that month defendants moved the court for a postponement of the trial on the grounds of the illness of one attorney and the inability of another attorney, but recently retained on account of the sickness of the former, to prepare defendants' case for trial from lack of time to do so.   From the affidavits filed to support the motion, it appears that the original counsel in the cause had been suffering for weeks from a nervous collapse; that on December 5, 1904, he notified defendants of his illness and the improbability of his recovery in time to prepare for trial, and suggested the retaining of other counsel.   In

pursuance to this notice the attorney appearing to present the motion was retained December 12, 1904. His affidavit discloses the character of the preparation necessary to a proper presentation of the defense and his court engagements, all tending to show that it would be impossible for him to make such a preparation before the day set for the trial. The court made an order of continuance conditioned upon the payment by defendant to plaintiff of the sum of one hundred ($100) dollars before 2 o'clock P. M. of the day the application was made. At the time set for trial defendants renewed their motion for a postponement and stated that they were unable to comply with the condition requiring the payment of the $100. The postponement was denied and the cause proceeded to trial, with the result that findings were filed and judgment entered in favor of plaintiff.

The complaint is in the form usual in such actions, and the title of plaintiff therein pleaded was supported by evidence tending to establish three different sources: By record, by tax deed, and by adverse possession. The findings are substantially in the language of the allegations of the complaint.

Defendants moved for a new trial on the grounds: (1) Insufficiency of the evidence; (2) the decision is against law; (3) errors in law occurring at the trial; (4) newly discovered material evidence; and (5) accident and surprise. The motion was made upon statement and affidavits showing the newly discovered evidence and reason why same was not produced at the trial. The statement contained the showing made upon the application for a continuance, and it is upon the action of the court in this respect that the respondent justifies its ruling upon the motion for a new trial. It is stated in the brief of respondent that the reason given by the court for denying the motion for a new trial at the time the ruling was made was that the defendants should have been granted the continuance asked for and refused at the opening of the trial. The order granting the motion, however, is general and must be sustained, if good, on any of the grounds upon which the motion was based.

The matter specified might be considered under either of the two heads: (3) errors of law occurring at the trial, or (5) surprise against which ordinary prudence could not have guarded, but we do not think it necessary to pass upon the sufficiency of the record to sustain the court's ruling upon

either theory, as this matter cannot arise upon a new trial, and the order granting the new trial may be justified on another ground, to wit, newly discovered material evidence.

The affidavits showing newly discovered evidence presented additional support to defendants' case, by more definitely locating certain monuments called for in the paper title introduced by defendants. While this showing was cumulative in its nature and would have had no bearing upon and constituted no defense against two of the sources of title under which the plaintiff claimed, in the form of the findings here it cannot be determined upon which of these sources of title the judgment rests. Only the trial court could determine its effect had it been produced at the trial. The determination of the effect of newly discovered evidence which is cumulative is peculiarly within the province of the trial court. (*Oberlander* v. *Fixen & Co.*, 129 Cal. 692, [62 Pac. 254].) The discretion of a trial court exercised in favor of the granting of a new trial will not be disturbed, unless there is a clear abuse of discretion. (*Von Schroeder* v. *Spreckels*, 147 Cal. 186, [81 Pac. 515].) In support of the court's order we must presume that its action was based upon any reason disclosed by the record upon which it could have been properly founded. If upon the ground of newly discovered evidence, we cannot say it abused its discretion in granting a new trial.

Order granting a new trial affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 21, 1908.