[Civ. No. 1472. Second Appellate District.—February 9, 1914.]

J. H. STRAIT, Appellant, v. MARY WILKINS et al., Respondents.

CONTRACT TO EXCHANGE LANDS—DAMAGES FOR BREACH—WHEN NOT RECOVERABLE.—Damages for the breach of a contract to exchange lands are not recoverable in an action wherein it appears from the evidence that the relative values of the properties are such that the plaintiff suffered no damage from the refusal of the defendant to carry out the agreement and make the exchange.

ID.—NOMINAL DAMAGES—JUDGMENT FOR REFUSED.—In such action a judgment for nominal damages, which will carry costs, will be denied, under the rule that a judgment for such damages is justified only on the ground that it conserves some right of the plaintiff which has been nominally infringed, and which might else be lost by acquiescence and lapse of time.

ID.—AMENDMENT OF ANSWER BY STRIKING OUT PARAGRAPH—DISCRETION IN PERMITTING.—The court does not err in such action in permitting the defendants to amend their answer by striking out a certain paragraph thereof, especially if it allows a continuance of one week on account of the amendment.

ID.—MARKET VALUE OF LAND—EVIDENCE—TIME OF VALUATION.—In admitting evidence in such action of the market value of properties

the court is required, in the exercise of a sound discretion, to limit the proof to a period reasonably proximate to that of the date of the alleged breach of the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Eugene P. McDaniel, Judge presiding.

The facts are stated in the opinion of the court.

Eugene C. Campbell, for Appellant.

John E. Daly, for Respondents.

JAMES, J.—This action was prosecuted for the purpose of securing damages alleged to have been suffered by the plaintiff through the failure of defendants to convey certain real property. Judgment was in favor of the defendants, and a motion for a new trial having been made, this appeal was taken from the judgment and from the order denying the motion.

On the nineteenth day of June, 1907, plaintiff and defendant Mary A. Wilkins entered into a contract, which was expressed in writing, whereby an exchange of properties was agreed to be made. In that agreement it was recited that the property of plaintiff was valued at six thousand five hundred dollars, and the property of said defendant at ten thousand five hundred dollars. The property of plaintiff was subject to a mortgage lien of three thousand dollars. In order to equalize the values it was agreed that plaintiff should pay five hundred dollars in cash and give back a mortgage on the property which he was to secure from said defendant in the sum of six thousand five hundred dollars, and that plaintiff's property should be received by the said defendant subject to the said mortgage of three thousand dollars. Defendant Mary A. Wilkins refused to carry out the agreement, and it was alleged by plaintiff that he thereafter sold his property by exchanging the same for an orange ranch and that he received in exchange the highest market price obtainable, which he alleged to have been the equivalent of five thousand dollars had the consideration received been represented by cash. He alleged that the property of the defendant Mary A. Wilkins had, at all times material to the contro-

versy, a market value of more than twelve thousand dollars. He further alleged that defendant Thomas Wilkins was the husband of defendant Mary A. Wilkins, and that in fact the property considered in the contract mentioned to be that of the said Mary A. Wilkins, was the property of Thomas Wilkins, and that the wife was acting, when she entered into the agreement referred to, as the undisclosed agent of her husband. The defendants answering, admitted the execution of the contract as alleged in plaintiff's complaint and admitted the breach thereof, and took issue as to the respective values which the plaintiff in his allegations had assigned to the several properties. Other denials were made which presented issues not necessary to be considered, in view of the conclusions which have been arrived at upon the matters already suggested. The court found upon sufficient evidence that the value of plaintiff's property at the time of the alleged breach of contract was the sum of six thousand dollars, and that the value of the property of defendants on the same date was eight thousand dollars. As plaintiff was to pay five hundred dollars in cash and give back a mortgage against the property secured from defendants for the sum of six thousand five hundred dollars, and a mortgage of three thousand dollars was to remain and be assumed by defendant Mary A. Wilkins against the property of plaintiff, in determining as to whether any damage had been suffered, there should be added to the value of six thousand dollars, as found by the court to be that of plaintiff's property, the sum of five hundred dollars and the difference between three thousand dollars and six thousand five hundred dollars, which total would more than equal the sum of eight thousand dollars found to have been the market value of defendants' property. Upon this calculation, and as based upon the facts found, the court was correct in concluding that plaintiff had not suffered damage. This conclusion renders it wholly immaterial as to whether or not the finding made by the trial judge that plaintiff was in no wise deceived by any act or omission on the part of defendant Thomas Wilkins as to the latter's interest in the property, was justified by the evidence. It may be said that that finding does not appear to be sustained by the proof made.

It appears that upon motion for a new trial being made, the court required of the defendants a waiver on their part as to costs awarded to them as a condition to a denial of the

motion. The judgment as it remained then was in favor of the defendants, but did not allow costs to either party. It is plaintiff's contention that, in view of the fact that it was shown that defendant Mary A. Wilkins, without cause, refused to comply with the conditions of her contract, a judgment for nominal damages (which it is admitted would not carry costs) should have been entered. In the case of *Stewart* v. *Sefton,* 108 Cal. 197, [42 Pac. 293], it is said: "But a judgment for such damages (meaning nominal) is justified only on the ground that it conserves some right of the plaintiff which has been nominally infringed, and which might else be lost by acquiescence and lapse of time." It is not made to appear in this cause that a judgment for nominal damages, under the facts shown and the decision cited, should have been entered.

The trial court did not err in permitting the defendants to amend their answer by striking out a certain paragraph thereof. The allowance of the amendment was within the discretion of the trial court, which discretion is not shown to have been abused, especially as it appears that the court allowed a continuance of the trial on account of such amendment having been made of more than a week. The alleged errors complained of with reference to the refusal to allow testimony as to the value of the Wilkins property at a date subsequent to that of the alleged breach of contract, and the refusal to allow a question to be answered as asked of defendant Mary A. Wilkins as to what was paid for the defendants' property a number of months prior to the date of the alleged breach, have no meritorious foundation. In admitting proof as to the market value of the property the court was required, in the exercise of a sound discretion, to limit the proof to a period reasonably proximate to that of the date of the alleged breach, and the rulings excluding evidence which had reference to times remote from the date most material, were properly made. (*Montgomery* v. *Sayre,* 100 Cal. 182, [38 Am. St. Rep. 271, 34 Pac. 646].)

The attention of the court is not called to any error which, considered in the light of the facts conclusively determined by the trial judge to exist, could operate to the prejudice of plaintiff.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.