[Civ. No. 7606. Second Appellate District, Division One.—March 21, 1933.]

ROBERT BROMBERG, as Trustee, etc., Appellant, v. SIGNAL GASOLINE CORPORATION (a Corporation), Respondent.

R. Dechter and Russell B. Seymour for Appellant.

C. La V. Larzclere and Finlayson, Bennett & Morrow for Respondent.

HOUSER, J.—In effect, the pertinent facts upon which the instant appeal is based are as follows: By the terms of a contract, the defendant became obligated to sell to the plaintiff a specified quantity of casing-head gasoline at a price per gallon fixed at 2½ cents less than the retail price per gallon of a product known as Red Crown gasoline. Upon the refusal of the defendant to comply with the provi-

sions of the agreement in that regard, the plaintiff commenced an action against the defendant for the damages which the plaintiff claimed had resulted from said alleged breach. The trial court found that the agreement had been breached by the defendant, but rendered a judgment in favor of the plaintiff for nominal damages only, to wit, in the sum of one dollar. It is from such judgment that the plaintiff prosecutes this appeal.

Appellant contends that, since at a price per gallon *equal* to the retail selling price per gallon of Red Crown gasoline, or, what would amount to a profit of 2½ cents per gallon, it might have resold all the casing-head gasoline which the defendant agreed to deliver to the plaintiff, it was entitled to recover from the defendant such profits as would have resulted from such resale. On the other hand, without in any manner conceding that the evidence adduced on the trial of the action shows that the plaintiff could have resold the gasoline, the respondent insists that (except in circumstances not shown by the evidence to have been present) the rule of damages applicable to the facts herein is that the plaintiff was entitled to recover such damages only as would be represented by the difference between the price agreed to be paid per gallon and the price per gallon at which plaintiff could have purchased the casing-head gasoline in the open market. That the said contention of the respondent is the correct rule, see sections 3354 and 3308 of the Civil Code, as was provided by the latter section prior to June 19, 1931; also, 8 Cal. Jur. 785, 823; 22 Cal. Jur. 1043; 1928 Supp. to Cal. Jur., par. 107, of Sales, p. 1450; and authorities therein respectively cited. It is clear that, although the method adopted by the parties to the contract for the purpose of determining the selling price of casing-head gasoline was novel or unusual, nevertheless it afforded a means by which such price might be ascertained and made certain. If such contract price, determined in accordance with the provisions of the agreement of the parties, had been less than the market price for the casing-head gasoline, necessarily the damage to plaintiff which resulted from the breach of the contract would have been the difference between the contract price, thus determined, and the market price. The fact that the retail price of a commodity known as Red Crown gasoline was selected as a basis for

the determination of the price of the casing-head gasoline, could have had no adverse effect upon the certainty of the price to be paid for the latter product. Nor did the fact that such basic commodity was a product which was similar to the commodity which was the subject of the agreement of the parties to the contract have any peculiar influence on the certainty of the contract price. The market price of the commodity selected for comparison was of no more consequence in a question affecting the rights of the respective parties than would have been the retail price of a dozen eggs, or a bushel of wheat, or a bushel of potatoes; either of which likewise might have been agreed upon as a commodity upon the retail price of which the sales price of the casing-head gasoline might have been made to depend.

On the trial of the action the plaintiff not only failed and refused to prove what was the market value of the casing-head gasoline which it had agreed to purchase from the defendant, but announced in open court that it would object to any evidence which might be offered by the defendant in that regard. Since plaintiff failed to prove the only damages which it was entitled to recover in the action, a judgment for nominal damages only was all that the trial court was authorized to render in its behalf. (Civ. Code, sec. 3360.)

In the case of *Utter* v. *Chapman,* 38 Cal. 659, 663, 664, it is said:

"The purchaser, in an action for failure to deliver the goods purchased, may not only recover the price paid, but, also, the excess of the market value, at the time of the breach, above the contract price; but if he has not paid the price, he can recover only such excess, and if there be no excess, he cannot recover anything beyond nominal damages."

To the same effect, see *Hancock* v. *Hubbell,* 71 Cal. 537 [12 Pac. 618].

In general, where in an action for breach of contract no evidence has been offered regarding the amount of damages sustained by the plaintiff in the action, the statement of the law (with numerous authorities in support thereof) with reference to the propriety of an award of nominal damages, may be found in volume 17, Corpus Juris, pages 720 et seq., where it is said: " . . . where a legal wrong is established but there is no evidence as to actual damages

nominal damages are properly awarded. In other words, where plaintiff establishes a cause of action but fails to show any damage he may recover nominal damages. So in an action founded upon a contract a plaintiff, in order to recover more than nominal damages, must adduce evidence that an actual substantial loss or injury has been sustained, unless the contract itself furnishes a guide to the measurement of the damages. . . . ''

And in the opinion in the case of *Olin Co.* v. *Lambach*, 35 Idaho, 767 [209 Pac. 277, 278, 279, 44 A. L. R. 354], it is declared that: ''Nominal damages are recoverable for a breach of contract where there is no proof of actual damage. (Citing authorities.) Where no evidence is offered as to the difference between the contract price and the market value, the seller is entitled to nominal damages.'' (Citing authorities.)

For the reason that by appellant's brief all other questions presented to this court for its determination are dependent upon the rules of law hereinbefore declared applicable to the facts in this appeal, it becomes unnecessary to devote further attention to the points suggested by the appellant.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.