[Civ. No. 9565. Third Dist. Apr. 15, 1959.]

ROWLAND F. SWEET, Appellant, v. HARVEY F. JOHNSON, JR., Respondent.

Kneeland H. Lobner for Appellant.

Dwyer, King, Price & Mering for Respondent.

WARNE, J. pro tem.*—This is a judgment roll appeal from a judgment in favor of defendant in an action to recover damages for breach of contract.

It appears that on February 13, 1956, plaintiff and defendant entered into two separate contracts, identical in form, covering the development of two parcels of real property. Under the terms of said contracts plaintiff agreed to subdivide the property, arrange for and supervise the construction of lot developments, provide residential plans, construct homes on each improved lot, and arrange for and supervise the selling of said homes. In addition, plaintiff agreed to arrange for the financing for improving the lots, the construction of the homes, and the sale of the mortgages. Defendant agreed to finance the subdivision of the property and the construction and sale of the homes. Said contracts further provided that the plaintiff's compensation was to be equal to one-half of the net profit realized from the development of the two parcels of real property.

It also appears from the findings "that at the time of the execution of the contracts, certain work had already been accomplished in connection with the subdivision of the [two tracts of land] . . . and that following the execution of said

*Assigned by Chairman of Judicial Council.

contracts plaintiff made an investigation to ascertain what steps had already been accomplished . . . with reference to completing the engineering work and preparing the final subdivision maps; that in addition, plaintiff made certain preliminary inquiries with reference to securing financing for the construction of the lot developments and the construction of the homes, securing water service for the properties and engaging a sales agency to handle the sale of the homes.''

Prior to the completion of the engineering work, and before construction work had commenced, i.e., on May 13, 1956, defendant, without legal justification, breached said contracts by notifying plaintiff in writing that he was cancelling the same because he could not afford to develop the property or enter into contracts to construct residences. The trial court found ''that the evidence offered by plaintiff to establish that the properties would be subdivided and that the homes would be constructed and sold at a profit is uncertain, contingent and speculative''; and that ''. . . there exists no operating experience which would permit a reasonable estimate of the income and expenses of the proposed development and thus there is no provable data upon which to base a determination of the prospective profits, if any, to be realized therefrom.''

Although the trial court found that the two contracts were valid and that defendant had wrongfully breached them, it nevertheless concluded that plaintiff had not been damaged as a result of the breach of said contracts. Judgment was entered in favor of defendant and he was allowed his costs in the amount of $307.04.

Plaintiff first contends that the conclusion of law that plaintiff suffered no legal damage is erroneous and cannot be upheld, since an award of nominal damages should have been made in favor of appellant. This contention is well taken.

■ A plaintiff is entitled to recover nominal damages for the breach of a contract, despite inability to show that actual damage was inflicted upon him, (*Bromberg* v. *Signal Gasoline Corp.*, 130 Cal.App. 469 [20 P.2d 83]), since the defendant's failure to perform a contractual duty is, in itself, a legal wrong that is fully distinct from the actual damages. ■ The maxim that the law will not be concerned with trifles does not, ordinarily, apply to violation of a contractual right. (*Kenyon* v. *Western Union Tel. Co.*, 100 Cal. 454 [35 P. 75].) Accordingly, nominal damages, which are presumed as a matter of law to stem merely from the breach of a contract (*Ross* v. *Frank W. Dunne Co.*, 119 Cal.App.2d 690 [260 P.2d 104]),

may properly be awarded for the violation of such a right. (*Kenyon* v. *Western Union Tel. Co., supra.*) And, by statute, such is also the rule in California. Section 3360 of the Civil Code provides: ''Where a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages.''

Recognizing these principles of law, defendant concedes that the failure of the trial court to award nominal damages by reason of his breach of the contracts constituted error. However, he takes the position that if plaintiff is to prevail on appeal he must show that an award of damages is necessary to conserve some permanent right, or that an award of nominal damages would carry costs.

■ While the general rule is that the failure to award nominal damages is not alone ground for reversal of a judgment or for a new trial (see *Kenyon* v. *Western Union Tel. Co., supra*; *Strait* v. *Wilkins*, 23 Cal.App. 774 [139 P. 911]; *Gray* v. *Southern Pac. Co.*, 21 Cal.App.2d 240, 247 [68 P.2d 1011]; *Keister* v. *O'Neil*, 59 Cal.App.2d 428, 435 [138 P.2d 723]), there are exceptions to the rule as stated in the Kenyon case at pages 458 and 459: ''But where a judgment is erroneous only because it fails to give nominal damages it will not be reversed unless nominal damages in the given case would carry costs. (Sutherland on Damages, § 11, and cases there cited.) If, however, as said by the author just cited, the object of the action is to determine some question of permanent right, the fact that he can only recover nominal damages will not prevent a reversal.''

■ There is no issue here involving any permanent right, hence the only question is: Would a judgment for nominal damages entitle plaintiff to costs?

Section 1032 of the Code of Civil Procedure, as amended (Stats. 1957, ch. 1172, p. 2464, § 1) provides that ''In the superior court, except as otherwise expressly provided, costs are allowed of course: . . . to plaintiff upon a judgment in his favor: . . . in an action for the recovery of money or damages . . .'' And in subdivision (d) it further provides that ''in all actions, whether mentioned in this section or not, if the prevailing party recovers a judgment that could have been rendered in a court inferior in jurisdiction in the county or city and county, such prevailing party shall not recover costs unless the judge, who presided at the trial, or, in the event of his inability for any reason to act, some other judge

of the court, in his discretion, makes an order, allowing costs or such part thereof as he deems proper.'' Thus there is no express provision either absolutely denying or allowing costs to the prevailing party in an action for the recovery of money or damages when the recovery could have been rendered in a court inferior in jurisdiction. Therefore, since such prevailing party shall only recover his costs, or a part thereof, when the court in its discretion so orders, it may not be said in the instant case that a judgment for nominal damages would have carried costs. It follows, therefore, that this action does not come within the above-mentioned exception to the general rule.

Plaintiff also contends that the judgment should be reversed, as the trial court failed to consider that the required proof is less where the wrongdoer by his breach of the contract makes proof of actual damages impossible. He argues that because the trial court erred in failing to award nominal damages, it follows that the trial court also erred in considering the quantum of proof required to establish profits. This contention cannot be considered on this appeal since this is a clerk's transcript appeal. As stated in *Kompf* v. *Morrison*, 73 Cal.App.2d 284, 286 [166 P.2d 350] : ''It is elementary and fundamental that on a clerk's transcript appeal the appellate court must conclusively presume that the evidence is ample to sustain the findings, and that the only questions presented are as to the sufficiency of the pleadings and whether the findings support the judgment. [Citing cases.]''

We are bound by the finding that there was no evidence upon which to base a determination of the prospective profits. (See also *Freeman* v. *Gray-Cowan, Inc.*, 219 Cal. 85 [25 P.2d 415].) Hence in the instant case the presumption is that there was no evidence upon which to base a determination of the prospective profits.

Respondent concedes that had nominal damages been awarded to appellant, he, the appellant, would have been relieved of the payment of respondent's costs and clearly to that extent appellant has been prejudiced by the court's error. He has stated to this court that he is now willing to refund appellant the sum of $307.04, which represents respondent's costs.

We conclude that the judgment should be reversed, unless the defendant, within 15 days remits the sum of $307.04 which he has recovered for his costs, which being done, the judgment shall stand affirmed, proof of payment to be filed with this

court, and it is so ordered. Each party is to bear his own costs on appeal.

Van Dyke, P. J., and Peek, J., concurred.

On May 28, 1959, the following opinion was filed:

THE COURT.—Counsel for appellant having acknowledged receipt of the sum of $307.04, the judgment is affirmed as set forth in the opinion of the court filed in this case on April 15, 1959.