[Civ. No. 33184.    Second Dist., Div. One.    Apr. 3, 1969.]

GNS PRINTERS, Plaintiff and Appellant, v. BEN COOPER, Defendant and Respondent.

Donald J. Hirsch for Plaintiff and Appellant.

Stanford Sanoff for Defendant and Respondent.

FOURT, J.—GNS Printers (hereinafter sometimes called GNS), a partnership doing business in California, appeals from a judgment by the court, sitting without a jury, that defendant Ben Cooper is not personally liable to GNS on a common count for payment for printing services.

GNS contends that the findings of fact and conclusions of law incorporate determinations of issues not litigated during trial and that such determinations are adverse to and jeopardize appellant's right to bring a second action for recovery of the debt from Cooper on the basis of section 6601 of the Corporations Code.

The bill of particulars prepared by GNS disclosed that appellant relied upon an open book account for the sum of $9,873.75 for printing services rendered to two New York corporations of which Cooper was an officer, director and shareholder. It is not disputed that the evidence failed to establish an open book account between GNS and Cooper, individually, and on respondent's motion the court rendered judgment in Cooper's favor at the close of appellant's case. (Code Civ. Proc., § 631.8.)

It was established by the evidence that Ned North Enterprises, Inc. (hereinafter sometimes called Enterprises) formerly printed weekly TV logs and, under the fictitious name TV Fanfare Publications, sold and distributed these publications to purchasers on 52 week contracts. Sometime prior to August 1963, Cooper, a former employee of Enterprises, purchased and continued to operate as a sole proprietorship, the business of TV Fanfare Publications. Later he formed with Goldstein and Shanz two New York corporations called TV Fanfare Publications of New York and TV Fanfare Publications of Buffalo, respectively. Cooper advanced funds to these corporations; Shanz handled sales at a New York office; and Goldstein, then business manager of Enterprises, obtained financing of the contracts by incorporating with two other men a factoring company in which Goldstein and Cooper each held a 14 percent stock interest. The shareholders of the factoring company, Universal Advertising Finance Co., individually guaranteed in proportion to their respective stock interests the loans to each of the New York corporations.

In August 1963 Goldstein and Al Shane, now deceased, formed a limited partnership with Ned North as limited partner and purchased the business and assets of Enterprises. They continued the business under the partnership name of GNS Printers. GNS Printers continued to print weekly TV

logs under contracts with TV Fanfare Publications, a sole proprietorship owned by Cooper, and with the two New York corporations. The evidence as to the existence of open book accounts related solely to transactions between GNS Printers and the two New York corporations.

Appellant contends that the issue of Cooper's personal liability for the payment of the printing bills of the two New York corporations under Corporations Code section 6601[1] was not properly before the court. In fact, however, appellant itself with the consent of the court over objections by opposing counsel, but without amendment to the pleadings, expanded the issues under his common count to assert a theory of personal liability based in substance upon that statute.

During the examination of Cooper by appellant's counsel pursuant to Evidence Code section 776 a dispute arose concerning the relevancy of an attempted line of questioning, and the following dialogue took place between court and counsel for GNS:

"MR. HIRSCH: Well, your Honor, we have the technical problem of whether or not Mr. Cooper—

"THE COURT: Then you must plead it.

"MR. HIRSCH: Well no, wait a minute, may I make my point?

"THE COURT: Yes.

"MR. HIRSCH: It is our position that if these two corporations didn't qualify in California, that the corporation could not have, as a matter of law, contracted for the services, and I want to—the line of questioning that I am getting into now is designed to show that Mr. Cooper did, in fact, run these two corporations from California and not from New York; that most of the activities took place in California, and that in the absence of qualification of these two corporations in California, his liability must be as a matter of law, personal liability, because—

"THE COURT: Would it be on an open book account?

"MR. HIRSCH: It doesn't matter. This being a common count, if we call it an open book account or an accounts

---

[1]Section 6601 provides: "The directors of a foreign corporation transacting business in this State are liable to the corporation, its shareholders, creditors, receiver, liquidator, or trustee in bankruptcy for the making of unauthorized dividends, purchases of its shares, or distributions of assets, or false certificates, reports or public notices or other violations of official duty, according to the laws of the State or place of incorporation, whether committed or done in this State or elsewhere. Such liabilities may be enforced in the courts of this State."

stated, it wouldn't make any difference if there is no corporate—I mean, if it is not a corporate obligation—because it cannot be a corporate obligation due to the nonqualification; there is nothing left for it to be other than a personal obligation.

". . . . . . . . . . . . .

"THE COURT: Well, you have already established the fact that they didn't qualify in California.

"MR. HIRSCH: But I have to show that the operation was done, that most of the activity took place in California and very little was done in—"

Appellant does not now contend that this issue was improperly resolved upon the evidence, but claims instead that, despite the evidence introduced by him pursuant to his asserted theory during his case in chief, the issue was never raised. ▮ Even if no amendment to the pleadings is made, where the parties voluntarily submit and try the case on the theory that a matter was in issue without any specific pleadings and evidence thereon is received, they may not thereafter complain that the findings and judgment were not within the issues framed by the pleadings. (*Freeman* v. *Gray-Cowan, Inc.*, 219 Cal. 85, 87 [25 P.2d 415].) ▮ It is a ". . . time-honored rule that where the parties and the court proceed throughout the trial upon the theory that a certain issue is presented for adjudication, the doctrine of estoppel precludes either party from thereafter asserting that no such issue was in controversy, even though it was not actually raised by the pleadings. [Citations.]" (*Auer* v. *Frank*, 227 Cal.App.2d 396, 405 [38 Cal.Rptr. 684, 8 A.L.R.3d 1108].)

▮ The trial court found that "Defendant Ben Cooper did not transact business in the State of California on behalf of two New York corporations." This finding is amply supported by the evidence which shows that although Ben Cooper was a shareholder, director and officer of each of the two New York corporations for which GNS had done printing for which it was not fully paid, these companies transacted no business in California where they were not qualified. Ben Cooper had an office in this state where he conducted the business of his sole proprietorship; the New York corporations had business offices in Buffalo and New York, the principal business address. The bank accounts were in New York and payments were made to that office and bills were sent out from there. Ben Cooper did pay, from his California office, certain corporate bills with checks drawn on New York banks,

and GNS performed printing services in California for these companies.

It cannot be inferred from the evidence that the New York companies, or either of them, transacted business in California. To the contrary, the findings that Cooper's activities were insufficient to constitute the transaction of business by either of the New York corporations in California, which would require their qualification here, is supported by the evidence. The conclusion is therefore justified that, as a matter of law, Cooper ''is not liable as an officer, stockholder or director of two New York corporations on the theory that they have transacted business within this State without complying with the above referred to Section of the Corporations Code.'' Although the court refers to Corporations Code section 6400, which prohibits foreign corporations from the transaction of intrastate business in California without prior qualification to do business in this state, the further conclusion that Cooper is not personally liable because he did no business for either of the New York corporations in this state clearly and properly forecloses appellant from further action against Cooper under Corporations Code section 6601. Appellant, who elected to litigate the issue in this case, is estopped from further action against Cooper on this claim.

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.