**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON RAISER, | Nos. 10-55097 |
| Plaintiff - Appellant, | 10-55362 |
| | 10-55619 |
| v. | |
| | D.C. No. 2:09-cv-00254-RGK- |
| | AGR |
| VENTURA COLLEGE OF LAW; et al., | |
| Defendants - Appellees. | MEMORANDUM* |

Appeals from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 26, 2012**

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

In these consolidated appeals, Aaron Raiser appeals pro se from the district

court's judgment dismissing his action alleging various federal and state law

violations arising from his expulsion from Ventura College of Law.  We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes these cases are suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).  Accordingly, Raiser's
request for oral argument is denied.

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 619 (9th Cir. 2004), and for an abuse of discretion a denial of leave to amend, *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part, and reverse and remand in part.

Dismissal of the extortion claim and the breach of covenant of good faith and fair dealing claim was proper because the communications at issue are absolutely privileged under California Civil Code § 47(b). *See Hagberg v. Cal. Fed. Bank, FSB*, 81 P.3d 244, 255 (Cal. 2004) (applying litigation privilege to communications "intended to instigate official governmental investigation into wrongdoing, including police investigation"); *Blanchard v. DIRECTV, Inc.*, 20 Cal. Rptr. 3d 385, 396-98 (Ct. App. 2004) (applying litigation privilege to prelitigation communications by attorneys).

The district court properly dismissed with prejudice Raiser's 42 U.S.C. §§ 1983 and 1985 claims because Raiser does not have a right to practice law before a federal court that is protected by the Constitution or federal statutory law. *See Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under § 1983, a plaintiff must allege . . . that a right secured by the

Constitution or laws of the United States was violated."); *Giannini v. Real*, 911 F.2d 354, 358 (9th Cir. 1990) ("[T]here is no fundamental right to practice law or to take the bar examination."); *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) ("[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." (citations omitted)).

The district court properly dismissed with prejudice Raiser's intentional interference with prospective business opportunity ("IIEPO") claim because Raiser failed to allege a specific economic relationship with which defendants purportedly interfered and has not demonstrated that amendment of the complaint would cure this defect. *See Blank v. Kirwan*, 703 P.2d 58, 70 (Cal. 1985) (potential future relationship between plaintiff and a class of unknown patrons could not be characterized as an "economic relationship" with the probability of "future economic benefit" to support IIEPO claim).

The district court properly dismissed with prejudice the breach of contract claim related to Raiser's removal from a class and the revision of his curriculum because the curriculum agreement attached to the first amended complaint, upon which Raiser relies, does not prohibit changing his curriculum. *See Durning v.*

*First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (court may consider documents attached to the complaint).

However, at this early stage, dismissal of the breach of contract claim related to the failure to provide Raiser with a non-academic expulsion hearing was improper because, under California law, inability to show actual damages does not preclude recovery for breach of contract. *See* Cal. Civ. Code § 3360 ("When a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages."); *Sweet v. Johnson*, 337 P.2d 499, 500 (Cal. Ct. App. 1959) (plaintiff entitled to recover nominal damages for breach of a contract despite inability to show actual damage). That Raiser may have lied on his application for admission does not negate his right to a hearing because the policy manual, which Raiser alleges was part of the contract between himself and Ventura College of Law, provides for a hearing.

Dismissal of the Americans with Disabilities Act ("ADA") claim was improper because Raiser alleged facts sufficient to state a violation of the ADA. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (setting forth elements of Title II ADA claim); *see also* 42 U.S.C. § 12102(1)(A), (C) ("disability" under the ADA includes having, or being regarded as having, a physical or mental impairment); *Del. State Coll. v. Ricks*, 449 U.S. 250, 258-59

4

(1980) (statute of limitations begins to run on date plaintiff receives notice of the discriminatory act).

In denying Raiser's motion for leave to amend, it does not appear that the district court considered the new claims raised in Raiser's proposed second amended complaint for fraud, intentional misrepresentation, false promise, breach of confidence, and state civil rights. On remand, the district court should consider in the first instance whether these proposed claims sufficiently state a claim for relief, and whether there is undue delay, prejudice, or other grounds for denying leave to amend. *See Moore v. Kayport Package Express*, 855 F.2d 531, 538 (9th Cir. 1989) (discussing factors to consider in denying leave to amend).

We do not consider issues that were not raised or not supported by argument in the opening brief. *See Rattlesnake Coalition v. U.S. EPA*, 509 F.3d 1095, 1100 (9th Cir. 2007).

The parties' remaining contentions, including Raiser's contentions regarding his recusal motions, are unpersuasive.

Raiser's motion to reconsider this court's order denying remand is denied.

Appellees' request for judicial notice is denied as unnecessary.

Each party shall bear its own costs on appeal.

**AFFIRMED in part; REVERSED and REMANDED in part.**