Filed 10/26/20  Lopez v. Lake Forest Keys CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOSEFINA LOPEZ, | |
| Cross-complainant and Appellant, | G058550 |
| v. | (Super. Ct. No. 30-2017-00926796) |
| LAKE FOREST KEYS et al., | O P I N I O N |
| Cross-defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, John C. Gastelum, Judge.  Affirmed.

Thaler Law and Jesse J. Thaler for Cross-complainant and Appellant.

Fiore, Racobs & Powers, John R. MacDowell and Nathan P. Bettenhausen for Cross-defendant and Respondent, Lake Forest Keys.

Feldsott & Lee and Stanley Feldsott for Cross-defendants and Respondents, Carl C. Alford and Gloria E. Monsalve.

\*         \*         \*

Respondent Lake Forest Keys, a homeowners association (the HOA), managed a residential community where appellant Josefina Lopez lived. After Lopez ignored the HOA's efforts to address her long-standing record of unauthorized construction, improper maintenance, and nuisance activity, the HOA sued Lopez to enforce the association's governing documents for physical conditions existing on Lopez's property and to enjoin Lopez's conduct toward her neighbors. Lopez cross-complained against the HOA and her neighbors, respondents Gloria E. Monsalve and Carl C. Alford (collectively, the Alfords).[1] Among other claims, Lopez alleged trespass against the Alfords and nuisance against the HOA. The Alfords responded with their own cross-complaint against Lopez for nuisance and to enforce the governing documents.

After a bench trial, the trial court ruled in favor of the HOA and the Alfords, and against Lopez. Lopez contends the court's ruling on her trespass claim against the Alfords requires reversal because the court erroneously applied a criminal statute to exempt the Alfords from her trespass claim. Lopez also contends the court issued an advisory opinion on her nuisance theory asserted against the HOA. We affirm the judgment.

I

FACTS AND PROCEDURAL HISTORY

A. *Lopez's Dealings With the HOA and Her Neighbors*

For years Lopez failed to follow the HOA's guidelines and restrictions for its residents. For example, the uncontroverted evidence showed that her home balcony had become, according to the trial court, "a documented eyesore," displaying termite damage, dry rot, exposed nails, and paint peeling off the structure. Lopez applied to the HOA to build an expanded replacement balcony but was rejected based on privacy guidelines for the neighboring property. Lopez later received notices to remediate her

_____

[1] Because counsel for Monsalve and Alford referred to the married couple collectively as the Alfords, we do as well.

2

balcony but, aside from attending some meetings with the HOA, Lopez did not take any action. Lopez also constructed and maintained unapproved conditions on her property, such as trellises with metal mesh wiring. Although the HOA wrote to Lopez directing her to remove the trellises, Lopez failed to take any action. Later, the trial court additionally found Lopez had engaged in other conduct that violated the community's governing documents and constituted nuisances, including storing trash and debris on her property, "attaching pieces of broken fences [and] gates to her side yard fence with zip ties," and "failing to adequately maintain" her yard plants.

From 2013 to 2018, the Alfords and Lopez were neighbors. Although the Alfords had purchased their residence for retirement, the stress from their interactions with Lopez—including Lopez "repeatedly throw[ing] trash, food, and other unspecified debris onto the Alfords' deck"—caused the Alfords to sell their home and move. Successfully marketing their residence proved difficult because Lopez's plants obstructed the view of the community lake from the Alfords' property. Lopez's dilapidated balcony caused the Alfords to advise prospective buyers about their "difficulties" with her.

Lopez based her trespass claim against the Alfords on two incidents. The first occurred when Monsalve allegedly cut Lopez's plants at their common fence. The second occurred when a process server hired by the Alfords entered Lopez's backyard from the Alfords' backyard when attempting to serve Lopez with a summons and complaint. The process server caused no damage to Lopez's property.

On the other side of Lopez's property, Anne and Christopher Scott Sutcliff purchased their adjacent property in 2017 and replaced the existing structure with a new house before moving in. As the trial court observed, they also became "embroiled in this neighborhood soap opera." The problem with Lopez arose when the Sutcliffs submitted construction applications approved by both the City of Lake Forest and the HOA. Their approved property included four second-story windows facing Lopez's property and three security cameras, from which Lopez's courtyard could be viewed. Lopez sued the HOA

3

for nuisance because its approval of the Sutcliffs' construction applications allegedly violated her privacy rights and created a condition that unreasonably interfered with the use and enjoyment of her property

*B. Litigation and Trial Court Judgment in Favor of the HOA and the Alfords*

In 2017, as noted, the HOA filed a complaint against Lopez[2] for breach of the governing documents, nuisance, and declaratory relief. Lopez answered and filed a cross-complaint against the HOA and the Alfords, including claims of trespass against the Alfords and nuisance against the HOA. The Alfords answered and filed a cross-complaint against Lopez, which included their own claims to enforce the community's governing documents.

After four days of evidence at a bench trial, the trial court issued a tentative ruling in favor of the HOA and the Alfords. The court awarded injunctive and declaratory relief in favor of the HOA and the Alfords and $10,000 in damages to the Alfords for their property's diminution in value due to Lopez's conduct.

The trial court rejected Lopez's cross-complaint claims for trespass against the Alfords and nuisance against the HOA. On the trespass claim, the court agreed with the Alfords' argument that Penal Code section 602.8, subdivision (c)(3),[3] exempted Lopez's claim because it was based on a process server's attempt to serve documents. The court also found insufficient evidence to support Lopez's claim the Alfords trespassed on her property by cutting her plants and, in any case, "the evidence reveal[ed] no proof of any actual harm" suffered by Lopez. On the nuisance claim, the court found Lopez "presented no credible evidence at trial to support [her pleaded] claims."

---

[2] Lopez was sued as an individual as well as trustee of the Josefina Lopez Separate Property Trust dated January 23, 2006.

[3] All further undesignated statutory references are to the Penal Code, unless otherwise designated.

4

Lopez raised three objections to the proposed statement of decision submitted by the HOA and the Alfords. On her nuisance claim, she asserted "the [c]ourt refused to consider" the HOA had allowed the Sutcliffs to install their windows and security cameras in a manner that invaded Lopez's home privacy. On her trespass claim, she argued that section 602.8, subdivision (c)(3), did not defeat Lopez's trespass claim against the Alfords because the exemption applied only in criminal cases. Finally, on her trespass claim, she claimed that the court had overlooked Lopez's entitlement to nominal damages.

The trial court overruled Lopez's objections and adopted the proposed statement of decision. The HOA then submitted a proposed judgment that "incorporated by reference" the court's statement of decision, which the court signed and entered.

## II

### DISCUSSION

As noted, Lopez advances two arguments to reverse the trial court's judgment. First, Lopez contends the court erred as a matter of law when it applied section 602.8's exemption for criminal trespass to the process server in her civil trespass claim. Second, Lopez contends the court issued an advisory opinion on her nuisance claim based on the Sutcliff's installation of security cameras and the placement of their windows. Lopez as the appellant bears the burden of demonstrating error and resulting prejudice. (Cal. Const., art. VI, § 13; *State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.) We resolve questions of law de novo review. We affirm the trial court's factual determinations if based on substantial evidence, giving deference to the court's resolution of these issues. (*People v. Uribe* (2011) 199 Cal.App.4th 836, 856.)

### A. Lopez's Trespass Claim Against the Alfords

The trespass statute sets forth conduct that constitutes trespass as a "public offense" (§ 602.8, subd. (a)), but exempts from liability four categories of individuals,

5

including "[a]ny person described in Section 22350 of the Business and Professions Code who is making a lawful service of process." (§ 602.8, subd. (c)(3).) Lopez argues the trial court erred in applying the criminal statute to her civil claim because it rendered the phrase "public offense" surplusage, violating a principle of statutory construction. The Alfords counter that applying the statute to civil claims would further the Legislature's purpose in establishing the exemption. Both agree there is no controlling legal authority on point.

We need not resolve the question of statutory interpretation[4] for two reasons. First, no evidence showed the Alford's directed the process server on how to effect service. Indeed, Monsalve testified the process server decided on his own to attempt service on Lopez by entering her backyard. Lopez presented no evidence to contradict Monsalve's testimony. Instead, she merely assumes the Alfords were responsible for the process server's entry onto her property. In light of this evidentiary void, no basis exists to analyze the scope of section 602.8.

Secondly, even if Lopez could overcome her evidentiary deficiencies, the record shows she suffered no harm to her property based on Lopez's admission at trial to that effect. At most, she would have been entitled to nominal damages if she had proven her trespass claim.

Accordingly, even if the trial court should not have applied the criminal trespass statute to Lopez's civil claim, the Alfords correctly argue Lopez's lack of actual damages and the court's award of $10,000 against Lopez, means any nominal damages

---

[4]    We note that resolving the question would include considering whether Lopez properly preserved the issue, given she did not respond to the Alford's statutory exemption argument in her closing argument briefing to the trial court. (See 9 Witkin, Cal. Procedure (5th ed. 2020) Appeal, § 400, p. 458 ["[a]n appellate court will ordinarily not consider procedural defects or erroneous rulings in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method"])

6

awarded in Lopez's favor would not have *entitled* her to costs. In support, the Alfords rely on *Staples v Hoefke* (1987) 189 Cal.App.3d 1397, 1406 (*Staples*). There, a commercial tenant sued its landlord for leasing a nearby lot to a business that allegedly caused ground vibrations to interfere with the tenant's highly sensitive camera operations. (*Id.* at pp. 1401-1403.) The tenant sued both the landlord and the business for trespass and breaching the lease. (*Id.* at pp. 1405, 1409.)

After a jury found in favor of the business on the tenant's trespass claim, (*Staples*, *supra*, 189 Cal.App.3d at p. 1405), the tenant appealed, arguing nominal damages should have been awarded on its trespass claim. The tenant reasoned that, "because all the expert witnesses agreed vibrations traveled from [the defendant business'] punch press to [the tenant's] cameras, a trespass was established as a matter of law." (*Id.* at p. 1405.)

The appellate court noted where a trespass occurred without causing actual damage, the trial court *could* have awarded nominal damages, but was not required to do so. (*Staples*, *supra*, 189 Cal.App.3d at p. 1406.) Importantly, the court observed a "'[f]ailure to return a verdict for nominal damages is not in general ground for reversing a judgment or granting a new trial.'" (*Ibid*., quoting *Gray v. Southern Pacific Company* (1937) 21 Cal.App.2d 240, 247.) It noted two exceptions to the general rule: "if nominal damages would carry costs or determine some question of permanent right." (*Ibid*., citing *Sweet v. Johnson* (1959) 169 Cal.App.2d 630, 633.) The *Staples* court then rejected the tenant's argument for reversal by concluding the tenant would not have been "*entitled*" to costs, but would have only been able to request "*discretionary*" costs from the trial court. (*Ibid*.)

Lopez implicitly concedes the point because in her reply brief she failed to address the Alfords' reliance on *Staples*. (See *Johnson v. English* (1931) 113 Cal.App. 676, 677 ["[a]ppellant, by failing to file a reply brief, concedes that respondent's position is unassailable"].) Even if Lopez had been awarded nominal damages, we discern no

7

basis to conclude Lopez would have been *entitled* to costs (*Staples*, *supra*, 189 Cal.App.3d at p. 1406) given the trial court ordered Lopez to pay $10,000 in damages to the Alfords. (Code Civ, Proc., § 1032, subd. (a)(4) [a "'prevailing party'" entitled to a cost award includes one with net monetary recovery]. In sum, Lopez has not shown prejudicial error on her trespass claim given she suffered no actual harm on the alleged trespass. (*Staples*, *supra*, 189 Cal.App.3d at p. 1406.)

### B. *Lopez's Nuisance Claim Against the HOA*

The trial court's statement of decision, incorporated into its final judgment, specified that Lopez's assertion of nuisance based on the Sutcliff camera installations had been "belatedly" and "not properly raised in [her] First Amended Cross-Complaint." It also found that, "[e]ven if [it had been] properly raised" the nuisance claim failed on its merits because "the credible evidence presented at trial demonstrated that [Lopez's] claim[] lack[ed] foundation, [was] baseless, and [was] not supported in law or fact."

The HOA asserts we have no jurisdiction to entertain Lopez's contention because it amounts to an appeal of a nonappealable statement of decision. Although the HOA correctly notes a statement of decision is generally nonappealable, we conclude we have discretion to consider it in this case. (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 901.) Reviewing courts have discretion to treat a statement of decision as appealable when it "does, in fact, constitute the court's final decision on the merits." (*Ibid*.) Here, as Lopez correctly notes, the court's judgment explicitly incorporated its statement of decision. Accordingly, we review the statement as a part of the appealable judgment. (See *Gosney v. State of California* (1970) 10 Cal.App.3d 921, 928 [court's findings and conclusions were not incorporated by judgment and therefore not part of it].)

On the merits, Lopez's advisory opinion argument lacks merit. First, Lopez has not demonstrated how the trial court's ruling on the Sutcliff installation was an advisory opinion, which generally arises in one of two contexts: when a party's rights

8

and interests are not affected by the issues presented (*B. C. Cotton, Inc. v. Voss* (1995) 33 Cal.App.4th 929, 947-948) and when the court provides its opinion on hypothetical rather than concrete facts. (*San Miguel Consolidated Fire Protection Dist. v. Davis* (1994) 25 Cal.App.4th 134, 158.) Neither context existed in this case. Lopez had standing to assert a nuisance claim against the HOA for approving the Sutcliff installations and the court's statement of decision addressed a concrete—i.e., not hypothetical—set of historical facts presented at trial. (See *Duchrow v. Forrest* (2013) 215 Cal.App.4th 1359, 1378, quoting *Garcia v. Roberts* (2009) 173 Cal.App.4th 900, 909 ["""amendments at trial to conform to proof, 'if not prejudicial, are favored since their purpose is to do justice and avoid further useless litigation'"""].)

Second, as the HOA correctly notes, Lopez would in any case be estopped from relying on the purported error because she herself raised the issue at trial, in her closing argument brief, and through her objections to the proposed statement of decision. (*Redevelopment Agency v. City of Berkeley* (1978) 80 Cal.App.3d 158, 166 ["Under the doctrine of invited error, where a party, by his conduct, induces the commission of an error, he is estopped from asserting it as grounds for reversal"]; *GNS Printers v. Cooper* (1969) 271 Cal.App.2d 406, 409 [where parties and the court proceeded through trial that an unpleaded issue was to be adjudicated, estoppel precluded asserting the issue was not in controversy].) In sum, Lopez has not shown the trial court issued an advisory opinion when it ruled in the alternative that Lopez's nuisance theory based on the Sutcliff installations lacked merit. (See *Newport Beach Country Club, Inc. v. Founding Members of Newport Beach Country Club* (2006) 140 Cal.App.4th 1120, 1126 [analyzing scope of "principles of res judicata and collateral estoppel" for judgments decided on alternate grounds].)

*C. Frivolous Appeal Sanctions Request Denied*

Finally, the HOA and Alfords assert Lopez's appeal is frivolous and that she should be sanctioned accordingly. We deny the requests because neither the HOA

9

nor the Alfords complied with the procedural requirement to file a separate motion with a supporting declaration.  (Cal. Rules of Court, rule 8.276, subd. (b).)

## III

## DISPOSITION

The judgment is affirmed. The HOA and Alfords are entitled to recover their costs on appeal.


ARONSON, ACTING P.J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.